```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


FREEDOM MEDICAL INC.           :     CIVIL ACTION
                               :
          v.                   :
                               :
THOMAS R. GILLESPIE, III,      :
et al.                         :     NO. 06-3195
```

                    MEMORANDUM AND ORDER

McLaughlin, J.                                December 21, 2006

       In this suit, plaintiff Freedom Medical, Inc. alleges that a number of former employees, along with several corporations they controlled and other associated individuals, committed fraud, conversion and RICO violations, among other torts, by improperly diverting the plaintiff's medical equipment and selling or renting it as their own.  Two of the named defendants in the suit are Clifford Hall and Signature Medical LTD, LLC ("Signature Medical"), a company owned by Mr. Hall.

       Mr. Hall has recently been charged with multiple felony counts in Pennsylvania state court arising out of the alleged events at issue in this suit.  Signature Medical has not yet been charged, but has averred that it fears such charges are imminent.  Based on this pending criminal investigation, Signature Medical and Clifford Hall have moved for a protective order on Fifth Amendment grounds, seeking to stay discovery in this matter and

excuse them from complying with the plaintiff's pending document requests.

When a litigant or witness in a civil matter faces criminal charges, a district court has the discretion to stay discovery, in whole or in part, until the disposition of the criminal matter. RAD Services, Inc. v. Aetna Surety and Casualty Co., 808 F.2d 271, 279 n.3 (3d Cir. 1986). In determining whether to stay civil proceedings, relevant factors for the Court to consider are the interest of the plaintiff in proceeding expeditiously with his case and any potential prejudice it may suffer from any delay; the burden upon the defendants from going forward with any aspects of the proceedings, in particular any prejudice to their rights; the convenience of the court and the efficient management of judicial resources; and the interests of any non-parties and the public at large in the pending civil and criminal litigation. See, e.g., Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53, 56 (E.D. Pa. 1980).

Here, the Court believes that the dispositive issue for the grant of a stay is whether the two moving defendants' rights to self incrimination will be prejudiced by allowing discovery to go forward, in particular by requiring the defendants to respond to the plaintiff's document requests. The Court concludes that neither defendants' rights to self incrimination will be

prejudiced by allowing discovery to go forward with respect to Signature Medical, and will deny the motion for a protective order as to that defendant.  The Court, however, believes Mr. Hall's Fifth Amendment rights may be impaired by the plaintiff's discovery directed to him and will grant, in part, his motion for a protective order as set out below.

The defendants concede, as they must, that Signature Medical as a corporate entity does not have a Fifth Amendment right against self incrimination.  Braswell v. United States, 487 U.S. 99, 100 (1988).  The defendants nonetheless contend that, because Mr. Hall is the sole owner of Signature Medical and will likely have to verify the authenticity of any documents produced by the corporation, requiring Signature Medical to respond to the plaintiff's document requests will implicate and impair Mr. Hall's Fifth Amendment rights.

The defendants' argument is misplaced for two reasons.  First, Signature Medical admits it has several employees other than Mr. Hall.  It is therefore unclear why Mr. Hall would have to be the person who verifies Signature Medical's production.  Second, even if it were necessary for Mr. Hall to verify Signature Medical's document production and even if that verification could be considered incriminating, Mr. Hall's verification would be taken in his capacity as a representative of a corporation and therefore would not implicate his personal

Fifth Amendment right against self-incrimination.  Braswell at 108-09.

In Braswell, a corporate custodian of records sought to resist a subpoena on the grounds that complying would personally incriminate him and therefore violate his Fifth Amendment rights. The Supreme Court held that the Fifth Amendment was inapplicable, reasoning that any verifications or other testimonial acts performed by a corporate custodian of records are done in his corporate, rather than individual capacity, and would therefore not implicate the custodian's personal right against self-incrimination.  Id.[1]

Because Mr. Hall's Fifth Amendment rights cannot provide a basis for Signature Medical to resist the plaintiff's document requests, Signature Medical's request for a protective order is denied.

Unlike Signature Medical, Mr. Hall has an individual Fifth Amendment right against self-incrimination.  That right,

---

[1] Braswell does suggest that there may be some instances where the distinction between a custodian's corporate capacity and individual capacity is so blurred that the custodian's production of corporate documents would violate his individual Fifth Amendment rights:  "We leave open the question whether the agency rationale supports compelling a custodian to produce corporate records when the custodian is able to establish, by showing for example that he is the sole employee and officer of the corporation, that the jury would inevitably conclude that he produced the records."  Id. at 118 n.11.  Whether such an exception exists, however, is not at issue here because Signature Medical has employees other than Mr. Hall.

however, is not implicated by the mere fact that some of the documents that the plaintiff seeks may contain incriminating information.  United States v. Hubbell, 530 U.S. 27, 35-36 (2000).  The privilege against self-incrimination, however, may be implicated if the act of producing the documents communicates information about the existence, custody, or authenticity of the documents.  Id.  Determining whether the production of documents is sufficiently communicative and testimonial to implicate the self-incrimination privilege depends on the facts and circumstances of each particular case.  Fisher v. United States, 425 U.S. 391, 410 (1976).

In Fisher, the U.S. Supreme Court held that a request for an accountant's work papers did not implicate the Fifth Amendment rights of a taxpayer because the government was not relying on the taxpayer's act of production to prove the existence or location of the documents, which the Court described as a "foregone conclusion."  Id. at 411.  In Hubbell, in contrast, the Court held the Fifth Amendment rights of a defendant were violated when he was compelled to respond to broad government document requests used to "identify potential sources of information and to produce those sources."  Id. at 41.

Here, it is unclear whether the plaintiff's document requests are sufficiently targeted at documents whose existence is a "foregone conclusion" to avoid implicating Mr. Hall's Fifth

Amendment rights.  The Court will therefore grant Mr. Hall's request for a protective order at this time.

The Court, however, will allow the plaintiff to seek to lift the protective order after it has received and reviewed the document production from Signature Medical.  The Court believes that the production of Signature Medical's documents may moot some or all of the requests directed to Mr. Hall.  To the extent that the plaintiff still wishes to pursue the production of documents from Mr. Hall after Signature Medical's production, the Court believes that the plaintiff may be able to use information from Signature Medical's production to narrow its requests to comply with the dictates of <u>Hubbell</u> and <u>Fisher</u> and avoid implicating the plaintiff's Fifth Amendment rights.

An appropriate Order follows.

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FREEDOM MEDICAL INC.           :   CIVIL ACTION
                               :
          v.                   :
                               :
THOMAS R. GILLESPIE, III,      :
et al.                         :   NO. 06-3195
```

ORDER

AND NOW, this 21st day of December, 2006, upon consideration of the Motion for Protective Order (Docket # 129) filed by defendants Clifford Hall and Signature Medical LTD, LLC, and the response thereto, and after oral argument, IT IS HEREBY ORDERED that the Motion is DENIED as to defendant Signature Medical and GRANTED IN PART as to defendant Clifford Hall, for the reasons stated in the accompanying Memorandum.  Mr. Hall's request for a protective order is granted until such time as the plaintiff has received and reviewed Signature Medical's production of documents.  At that time, if the plaintiff believes it still needs to pursue production of documents from Mr. Hall, the plaintiff may serve supplemental document requests upon Mr. Hall and file a motion to lift the protective order.

```
                         BY THE COURT:


                         /s/ Mary A. McLaughlin
                         MARY A. McLAUGHLIN, J.
```