```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


FREEDOM MEDICAL, INC.           :    CIVIL ACTION
                                :
          v.                    :
                                :
THOMAS R. GILLESPIE, III,       :
et al.                          :    NO. 06-3195
```

MEMORANDUM AND ORDER

McLaughlin, J.                                      October 1, 2007


In the current complaint in this matter, plaintiff Freedom Medical, Inc. names twenty-three defendants, comprising seventeen individuals and six corporations, and alleges nine causes of action, one of which has since been dismissed, for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., and for misappropriation of trade secrets, fraud, breach of fiduciary duty, conspiracy, conversion, and breach of contract.

Freedom Medical has moved to amend the complaint. The proposed amendments would name nine additional defendants, add one additional cause of action for tortious interference with contractual relations against several of the original and additional defendants, and expand on the existing allegations of misconduct as to the original defendants. The Court will deny the motion to the extent it seeks to add additional defendants or to expand on the allegations of the initial complaint, but it

will grant the motion to the extent it seeks to add a claim of tortious interference.

Leave to amend a complaint is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a). A request to amend may be denied, however, when the moving party has demonstrated undue delay, bad faith or dilatory motives; when the amendment would be futile; or when the amendment would prejudice the other party. Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005). An amendment will be futile when it would not withstand a motion to dismiss. Garvin v. City of Philadelphia, 354 F.3d 215, 222 (3d Cir. 2003).

I. Amendments to Add Additional Defendants

The nine additional defendants Freedom Medical proposes to add to the complaint are: Techmate, Inc.; Jatinder Bhatia; Timothy M. McCormick; Quality Medical Group, Inc.; Quality Medical South, Inc.; Kathy Gillespie; Mischico Warren; Merlene Pierre; and Soma Technology, Inc. The Court finds that the proposed amendments would be futile as to five of the proposed additional defendants, but that at least some of the claims against the four other proposed additional defendants could survive a motion to dismiss. To the extent the claims are not futile, however, the Court will still deny leave to amend because

the Court finds that they would cause undue prejudice to the existing defendants.

A. Futility

As to five of the defendants -- Techmate, Inc.; Jatinder Bhatia; Timothy M. McCormick, Quality Medical Group, Inc.; and Quality Medical South, Inc. -- Freedom Medical's claims are insufficient to state any claim, and the motion to add them as defendants can be denied on grounds of futility alone.

1. Techmate, Inc.

Proposed defendant Techmate, Inc. ("Techmate") is alleged to be a medical equipment business in Houston, Texas, used as a conduit for equipment and business opportunities stolen from Freedom Medical. Techmate was alleged to be originally owned by defendant Gurmit Bhatia and sold to defendant U.S. Med-Equip, Inc. ("US Med-Equip") in 2005.

The allegations of the proposed amended complaint, however, make clear that Techmate was not a legal entity during the time it allegedly participated in defrauding Freedom Medical. The proposed amended complaint alleges that Techmate was organized as a Texas corporation in 1995, but that it "ceased its legal existence in February 1998 in connection with a tax

forfeiture" and later "filed as a Texas Fictitious Business Name" in 2005. Am. Compl. ¶ 13.

Having ceased legal existence in 1998, Techmate could not have participated in the various alleged schemes against Freedom Medical, which are alleged to have begun in 2001. Id. at ¶ 50. Amending the complaint to add Techmate as a defendant therefore would be futile because "Techmate" is at most, according to Freedom Medical's own pleadings, merely a business name for existing defendants Gurmit Bahtia and/or US Med-Equip.

### 2. Jatinder Bhatia

Proposed defendant Jatinder Bhatia is alleged to be the wife of defendant Gurmit Bhatia and "one of the control persons and an employee" of defendant US Med-Equip and proposed defendant Techmate, which are both alleged to have been conduits for other defendants to profit from Freedom Medical's stolen property and business. These are the only allegations in the complaint against Jatinder Bhatia and they are insufficient to state a claim against her.

In considering her husband Gurmit Bahtia's motion to dismiss the original complaint, the Court found that, although it was a close question, Freedom Medical had stated a claim against Mr. Bhatia by alleging that he was one of US Med-Equip's owners, directors, and officers and that he actively participated in its

4

management.  As to Jatinder Bhatia, however, there are no allegations that she actively participated in the management of either Techmate or US Med-Equip.

Absent such an allegation, Freedom Medical has failed to adequately allege Ms. Bhatia's participation in the RICO association-in-fact enterprise alleged in the complaint.[1]  These allegations are therefore insufficient to plead that she committed any of the RICO violations alleged.  They are also insufficient to plead the four state law torts alleged against her: fraud, misappropriation of trade secrets, conversion, and conspiracy.  The proposed amendment to add Jatinder Bhatia as a defendant will therefore be denied as futile.

### 3. Timothy M. McCormick

Proposed defendant Timothy M. McCormick is alleged to be a friend of defendants Thomas Gillespie, Patrick Frayne and Phillip Frayne.  His residential address is alleged to have been used on invoices sent to Freedom Medical from MedLogic, a fictitious company that defendants Thomas Gillespie, George Rivera and American Medical Logistics allegedly used to profit from business opportunities diverted from Freedom Medical.  McCormick is also alleged to have received monthly statements and

---

[1] See Univ. of Md. at Balt. v. Peat, Marwick, Main & Co., 996 F.2d 1534, 1539 (3d Cir. 1993).  See also this Court's Memorandum and Order of August 29, 2007, at 29-34.

checks from American Medical Logistics' bank account and to have made unspecified "false representations regarding Med Logic and his involvement in the fraudulent activities against Freedom Medical."  Am Compl. at ¶¶ 86, 122(e)

These allegations are insufficient to state a claim against McCormick for the causes of action for RICO violations, fraud, conspiracy, and conversion alleged against him in the proposed amended complaint.  Even taken as true and construed in the light most favorable to Freedom Medical, these allegations amount only to the claim that McCormick's residential address was used as the mailing address for MedLogic, an alleged conduit for business stolen from Freedom Medical.  There is no allegation that McCormick knew of any alleged fraudulent activity by the other defendants or that he joined or actively participated in any such activity.  The sentence alleging that McCormick made false statements provides no detail and consists of nothing more than a bare assertion insufficient to satisfy Fed. R. Civ. P. 9(b).  As such, these allegations fail to state a claim and the proposed amendment to add him as a defendant will be denied as futile.

4  Quality Medical Group, Inc. and Quality Medical South, Inc.

Proposed defendants Quality Medical Group, Inc. and Quality Medical South, Inc. are alleged to be medical equipment

companies in New Jersey and Florida, respectively. They are alleged to have been referred business opportunities belonging to Freedom Medical by former Freedom Medical employee Joseph Janssens. They are also alleged to have "sought to recruit other Freedom Medical employees to divert business opportunities" and to have assisted defendants Thomas Gillespie, George Rivera, and American Medical Logistics in "servicing equipment stolen from Freedom Medical and in servicing former customers of Freedom Medical diverted by these defendants." Am Compl. ¶¶ 77-78.

The allegations concerning Joseph Janssens' diversion of business to the Quality Medical entities have already been addressed in this Court's Memorandum and Order of September 14, 2007, which granted Janssens summary judgment as to the plaintiff's RICO claims and dismissed the pendant state claims against him for lack of supplemental jurisdiction. For the reasons stated in that Memorandum, the allegations concerning the Quality Medical entities' involvement with Janssens do not state a RICO claim and do not support jurisdiction over any of the state law claims alleged.

The additional allegations in the proposed amended complaint do not change this conclusion. The allegation that the Quality Medical entities attempted to recruit other Freedom Medical employees in addition to Janssens does not support either the federal claims for RICO violations or the state law claims

alleged against the Quality Medical entities of fraud, misappropriation of trade secrets, conspiracy, or conversion. The allegation would seem to be an attempt to allege a claim for tortious interference with contract, but even that claim would fail because 1) Freedom Medical never alleges that the Quality Medical entities were successful in inducing any Freedom Medical employee other than Janssens to breach his or her employment contract or in otherwise diverting business from Freedom Medical, see Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 470-72 (Pa. 1979) (element of tortious interference claim is that defendant's action caused breach of contract or loss of prospective contractual relations); and 2) because the claim would not be part of the same core of operative fact as the federal claims against the other defendants and so the Court would lack jurisdiction to consider it.  See 9/14/07 Memorandum at 14-18.

  The allegation that the Quality Medical entities serviced equipment stolen from Freedom Medical by others and serviced customers diverted from Freedom Medical by others is also insufficient to state any of the claims alleged.  There is no allegation that either Quality Medical entity knew that the equipment or customers were improperly taken from Freedom Medical or that either entity willingly participated in the acts of the other defendants.  As the proposed amended complaint fails to

state a claim against either Quality Medical entity, the motion to add them as defendants will be denied as futile.

       5.    Kathy Gillespie, Mischiko Warren, Merlene Pierre, and Soma Technologies

It is a close question whether the allegations against the remaining four defendants are sufficient to state a claim. As to certain claims such as fraud, which must be pled with specificity, the allegations are insufficient. As to the claims of RICO violations and the other state law claims, the sufficiency of the allegations is less clear. Because, as set out below, the Court finds that allowing these defendants to be added to the complaint would unfairly prejudice the existing defendants, the Court will not parse out the claims against these four defendants and determine which could and could not survive a motion to dismiss. To resolve this motion, it is enough to determine that at least some of the claims for these defendants could survive a motion to dismiss and therefore the motion to add these defendants cannot be denied on grounds of futility.

    B.    Undue Prejudice

To the extent that Freedom Medical's proposed amendments to add additional defendants are not futile, they are unduly prejudicial to the existing defendants.

9

The parties agree that they have engaged in "extensive discovery."[2] Freedom Medical filed this suit on July 20, 2006. Because Freedom Medical had requested a preliminary injunction, the Court ordered expedited discovery on matters related to the injunction, but did not limit discovery on other matters. The preliminary injunction was resolved by stipulation in March 2007. Discovery continued unrestricted until May 17, 2007, when the Court granted a protective order preventing the parties from serving additional discovery until the Court resolved the pending motions to dismiss, but not restricting parties from pursuing discovery already served. The parties continued to pursue preexisting discovery during the time this order was in effect, filing at least six motions to compel and several motions for protective orders.

If granted, Freedom Medical's motion to add additional defendants will likely require that substantial additional discovery be taken. Each of the newly added defendants will likely need to be deposed and might also be served with written discovery.[3] Each new defendant will also likely serve additional

---

[2] See Freedom Medical's Memorandum in Support of its Motion for Leave to File an Amended Complaint at 1; Thomas and Lori Gillespie and Phillip and Patrick Frayne's Opposition at 2.

[3] Although no party addresses the issue specifically, it appears from the parties' briefing that none of the proposed additional defendants has yet been deposed. Proposed defendant Mischiko Warren has been deposed as a corporate representative for Signature Emergency Products, LLC, but was not questioned

discovery on Freedom Medical or the original defendants.  To the extent any witness already deposed gave testimony bearing on any of the newly added defendants, the new defendants will likely request to have those witnesses re-deposed.  Objections to some or all of this newly-requested discovery may be raised and will need to be resolved by this Court.

The additional discovery required by the addition of the proposed new defendants would impose significant costs and delay upon the existing defendants in the case.  These costs constitute undue prejudice to the current defendants, and the Court will therefore deny Freedom Medical's motion to amend to the extent it seeks to add additional defendants.  See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 275-76 (3d Cir. 2001) (upholding denial of motion to amend that would have required defendant to "engage in burdensome new discovery and significant new trial preparation").

II. Amendments to Add Claims for Tortious Interference

Freedom Medical seeks to add a new claim for tortious interference with contract or prospective contractual relations (Count X) against existing defendants Thomas Gillespie; Gregory Salario; Cliff Hall; George Rivera; Signature Medical Ltd., LLC;

---

about her individual activities outside her capacity as corporate designee.

11

Signature Emergency Products, LLC ; American Medical Logistics, LLC; and US Med-Equip.[4]  The proposed amended complaint alleges that these defendants approached a number of active Freedom Medical employees with the intent of "inducing them to participate in the numerous schemes and bad acts" alleged in the complaint, presumably in breach of their employment contracts. It also alleges that these defendants successfully diverted "customers and or business contacts" from Freedom Medical.  Am. Compl. at ¶ 168-73.

These allegations of tortious interference are sufficient to state a claim against the existing defendants. Under Pennsylvania law, the elements of a cause of action for intentional interference with a contractual relation, whether existing or prospective, are:  (1) the existence of a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as the result of the defendant's conduct.  <u>Blackwell v. Eskin</u>, 916 A.2d

---

[4]     Freedom Medical also seeks to assert this claim against proposed additional defendants Quality Medical Group, Inc.; Quality Medical South, Inc.; and Soma Technology, whom the Court has already determined will not be added to the case.

12

1123, 1127-28 (Pa. Super. Ct. 2007). Here, Freedom Medical has alleged that these defendants intentionally interfered both with Freedom Medical's contracts with its employees and its prospective contracts with its customers, and that as a result it suffered a loss of business. Viewing these allegations in the light most favorable to Freedom Medical, they state a claim for tortious interference, and Freedom Medical's request to amend its complaint to add the allegations is therefore not futile.

Allowing the claim of tortious interference against the existing defendants will also result in no undue prejudice. Freedom Medical's complaint already alleges that the defendants diverted Freedom Medical's business and customers as part of the alleged schemes to defraud that are the basis of their RICO claims. Adding a claim for tortious interference arising out of these same facts should not require much, if any, additional discovery and imposes no undue burden or prejudice upon the defendants. Freedom Medical's motion to amend the complaint to add a claim of tortious interference will therefore be granted.

III. Amendments to Expand on Allegations Concerning Existing
     <u>Claims about Existing Defendants</u>

Freedom Medical also seeks to amend its complaint to include new allegations of misconduct on the part of the current defendants. Freedom Medical does not describe anywhere in its motion papers what exactly these proposed changes are, nor has it

13

provided the Court with a copy of the amended complaint marked to show those changes.  The length of the original complaint and what appears to be the relatively modest nature of the changes make it difficult for the Court to evaluate the plaintiff's motion with respect to these additions.  The original complaint in this action is 50 pages and 155 paragraphs long; the proposed amended complaint is 54 pages and 174 paragraphs long, with most or all of the additional paragraphs dealing with the proposed additional defendants.  The Court therefore has not been able to discern exactly what additions the plaintiffs have made to the existing allegations against the current defendants.

The Court has nonetheless carefully examined the proposed amended complaint to determine whether its allegations successfully re-plead claims dismissed from the original complaint in this Court's Memorandum and Order of August 29, 2007.  The Court finds that they do not.  The deficiencies the Court found in Count I, which inadequately alleged the required connection between the RICO enterprise alleged and the defendants, remain uncorrected in the amended complaint.  Similarly, the allegations of fraud that the Court found were not pled with sufficient specificity in the original complaint as to certain defendants, remain insufficient to state a claim against those defendants in the amended complaint.

Because the proposed additional allegations concerning the existing defendants do not revive any of the previously dismissed claims, they would not appear to have any practical effect on this litigation. To the extent the allegations add additional detail concerning existing claims, they are unnecessary. Once a plaintiff has sufficiently pled a claim, there is no need to amend the pleadings to provide additional background or support. Under the federal rules, the task of defining the issues and developing facts for trial is left to discovery and summary judgment, not pleading practice. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002).

Freedom Medical's request to add new allegations about the existing defendants will therefore be denied. Freedom Medical's motion fails to explain with any specificity what changes its proposed amended complaint makes to the existing allegations against the current defendants. In the absence of any assistance from Freedom Medical, the Court has been unable to identify these changes from its own evaluation of the complaint because of the length of the complaint and the scattered nature of the proposed amendments. Although leave to amend is to be "freely given," a moving party must still provide a court sufficient basis on which to exercise its discretion. Lake v. Arnold, 232 F.3d 360, 373-74 (3d Cir. 2000). Freedom Medical's motion fails to do so with respect to its proposed additional

allegations against the existing defendants and leave to amend will therefore be denied.

An appropriate Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FREEDOM MEDICAL INC.          :     CIVIL ACTION
                              :
              v.              :
                              :
THOMAS R. GILLESPIE, III,     :
et al.                        :     NO. 06-3195
```

ORDER

AND NOW, this 1st day of October, 2007, upon consideration of Plaintiff Freedom Medical, Inc.'s Motion for Leave to File an Amended Complaint (Docket No. 216), and the defendants' oppositions thereto, IT IS HEREBY ORDERED that the Motion is GRANTED IN PART as follows:

    1) The Motion is DENIED to the extent it seeks leave to amend the complaint to add Techmate, Inc.; Jatinder Bhatia; Quality Medical Group, Inc.; Quality Medical South, Inc.; Timothy M. McCormick; Kathy Gillespie; Mischico Warren; Merlene Pierre; and Soma Technology, Inc. as additional defendants.

    2) The Motion is GRANTED to the extent it seeks leave to amend the complaint to add an additional count (Count X) for tortious interference with contract and prospective contractual relations against existing defendants Thomas Gillespie; Gregory Salario; Cliff Hall; George Rivera; Signature Medical Ltd., LLC; Signature Emergency Products, LLC ; American Medical Logistics, LLC; and U.S. Med-Equip, Inc.

        3)    The Motion is DENIED to the extent it seeks leave to amend the complaint to include new allegations of misconduct on the part of the existing defendants in support of the existing causes of action in the complaint.

        4)    The allegations of the proposed Amended Complaint do not correct the defects found in this Court's prior Memorandum and Order of August 29, 2007, which resolved the defendants' motions to dismiss.  For the reasons stated in that prior Memorandum and Order, the amended complaint fails to state a claim in Count I (RICO) as to all defendants and in Count V (Fraud) as to Dawn Hall, Gurmit Bhatia, U.S. Med-Equip, Inc., Greg Salario, Phillip Frayne, Patrick Frayne, Lori Gillespie, George Rivera and American Medical Logistics, LLC.

        5)    The proposed Amended Complaint, attached as Exhibit A to plaintiff's Motion, shall be filed and docketed in this case.  The Clerk of Court shall note on the docket entry for the Amended Complaint that it is entered as modified by the terms of this Order.

        6)    The following defendants, who are named in the newly-added Count X (Tortious Interference) of the Amended Complaint, shall file an answer to this Count on or before 20 days after the date of entry of this Order.  These defendants are Thomas Gillespie; Gregory Salario; Cliff Hall; George Rivera; Signature Medical Ltd., LLC; Signature Emergency Products, LLC ;

American Medical Logistics, LLC; and US Med-Equip.  The answers of these defendants need not respond to any of the allegations of the Amended Complaint except Count X.  The other defendants in this action are not required to file an answer to the Amended Complaint.

                              BY THE COURT:


                              /s/ Mary A. McLaughlin
                              MARY A. McLAUGHLIN, J.