```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


FREEDOM MEDICAL, INC.          :     CIVIL ACTION
                               :
        v.                     :
                               :
THOMAS R. GILLESPIE, III,      :
et al.                         :     NO. 06-3195
```

MEMORANDUM

McLaughlin, J.                                    July 23, 2013

The plaintiff, Freedom Medical, Inc. ("Freedom Medical"), instituted this suit against a number of former employees, several companies they control, and various associated individuals. Freedom Medical alleges that the defendants combined together to steal its inventory and business opportunities as part of an association-in-fact enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and that the defendants conspired to violate this provision of the RICO statute. Freedom Medical also brings a number of state law claims against various sets of defendants.

Freedom Medical has filed a motion seeking the entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) on certain of its claims or, in the alternative, certification of the Court's May 23, 2013 order, which granted summary judgment in favor of four defendants on Freedom Medical's RICO conspiracy claim, for interlocutory appeal. The Court will deny the motion.

I.  Background

In a May 23, 2013 memorandum and order, this Court granted summary judgment in the defendants' favor on (a) all claims against defendant Sandra "Dawn" Hall, which included the substantive RICO claim under § 1962(c) and the RICO conspiracy claim referenced above, as well as state law claims for conversion and civil conspiracy, and (b) the same two RICO claims against defendants U.S. Med-Equip, Inc., Gregory Salario, and Gurmit Bhatia (collectively, the "U.S. Med Defendants").  The Court found that Freedom Medical had failed to establish a genuine issue of material fact demonstrating the defendants' participation in a RICO enterprise or agreement to facilitate a RICO violation.  In that same order, the Court denied the U.S. Med Defendants' motion for summary judgment on the state law claims against them.

In a separate order, bearing today's date, the Court has denied without prejudice Freedom Medical's motion for default judgment against defendants Signature Medical Ltd., LLC and Signature Emergency Products, LLC ("SEP" and, together, the "Signature Defendants") on all claims against them, except for one.  The Court has entered judgment against SEP on Freedom Medical's state law misappropriation of trade secrets claim.

In addition to the claims remaining against the U.S. Med and Signature Defendants, Freedom Medical has unresolved

claims against five other defendants.

## II. Analysis

Freedom Medical has moved for the entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) on all claims against Ms. Hall, its RICO claims against the U.S. Med Defendants, and all claims against the Signature Defendants. In the alternative, Freedom Medical seeks an order certifying the Court's May 23 order for interlocutory appeal. The Court finds that neither requested certification is appropriate under the circumstances, and will deny Freedom Medical's motion in full.

### A. Final Judgment Under Rule 54(b)

Rule 54(b) provides that, when an action involves more than one claim for relief, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Certification of a final decision under Rule 54(b) entails two separate findings: that (1) there has been a final judgment on the merits; and (2) there is "no just reason for delay." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006) (quotation marks and citation omitted).

In determining whether no just reason for delay exists, a district court should consider the following factors: (1) the

relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a setoff against the judgment to be made final; and (5) other factors, such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Id. at 203; Allis-Chalmers Corp. v. Phila. Elec. Co., 521 F.2d 360, 364 (3d Cir. 1975).

Rule 54(b) requests need not be granted routinely. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 (1980). A district court must be careful "to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. at 8 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)). The decision of whether to grant a Rule 54(b) motion is left to "the sound judicial discretion of the district court." Id.

With respect to the claims against the Signature Defendants, the Court finds that certification of final judgment is not warranted. Aside from Freedom Medical's misappropriation of trade secrets claim against SEP, there has been no final judgment on the merits as to these claims, the Court having

-4-

denied without prejudice Freedom Medical's motion for default judgment on all but that one claim.[1] The trade secrets claim against SEP also is not ripe for Rule 54(b) certification, which Freedom Medical seeks so that it may execute on its judgment. The Court has not calculated the damages due to SEP's misappropriation, and will wait to do so until it can hold a hearing or make complete findings regarding the full scope of damages to be assessed against the Signature Defendants.

The Court's May 23 memorandum and order did render a final, merits-based judgment on all claims against Ms. Hall and the RICO claims against the U.S. Med Defendants. Due consideration of the factors pertinent to a Rule 54(b) analysis nevertheless counsels against certification of that decision or any portion of it as a final judgment.

The Court fails to see how the interest of sound judicial administration is served by permitting an immediate appeal of those few decided claims. Freedom Medical argues that, if the Court of Appeals is allowed to review the Court's entry of summary judgment now and reverses that order in any part, the parties could conduct a single trial on all claims rather than one trial now and a second trial later, should Freedom Medical succeed on an appeal at the conclusion of this litigation. Yet,

---

[1] The instant motion for entry of final judgment was filed before the Court denied in large measure Freedom Medical's motion for default judgment against the Signature Defendants.

that is true in any suit involving multiple claims, some of which are disposed of on summary judgment.  It is hardly a factor unique to the circumstances of this case and, if relied upon, would greatly expand the "narrow exception" to the rule against piecemeal litigation provided by Rule 54(b).  See <u>Waldorf v. Shuta</u>, 142 F.3d 601, 610 (3d Cir. 1998).  Meanwhile, a stay pending appeal would only mire these proceedings in further delay with the possibility that the Court of Appeals would ultimately affirm this Court's decision.

Nor would an immediate appeal of the order granting summary judgment in favor of Ms. Hall and the U.S. Med Defendants expedite or streamline proceedings before the Court at this stage.  See <u>Berckeley Inv. Grp.</u>, 455 F.3d at 203.  Appellate review of the Court's May 23 order, no matter the outcome, would not resolve the RICO claims against the remaining defendants.  That is because the Court limited its May 23 decision to a consideration of the particular moving defendants' RICO liability.  It did not definitively address the viability of all claims based on the RICO enterprise alleged in the second amended complaint.  Imposition of RICO liability against the remaining defendants is still possible and will, in any event, require separate findings that they participated in the affairs of the alleged enterprise through their own patterns of racketeering activity and that they agreed to facilitate a RICO violation.

See 18 U.S.C. § 1962(c)-(d).

Even so, the adjudicated and unadjudicated claims in this suit substantially overlap, weighing against the entry of final judgment under Rule 54(b). The crux of Freedom Medical's lawsuit is that all of the named defendants were members of a single RICO enterprise. Plainly, the RICO claims against Ms. Hall, the U.S. Med Defendants, and the remaining defendants present common issues of law and fact, such as the scope, activities, and duration of the alleged enterprise itself.

Moreover, the remaining state law claims against the U.S. Med Defendants share a common factual basis with the adjudicated § 1962(c) claim against them. The state law claims are primarily based on allegations that the U.S. Med Defendants converted Freedom Medical inventory; diverted its business opportunities through unlawful dealings with Freedom Medical employees, primarily, former defendant Thomas Gillespie; and conspired with all named defendants to harm Freedom Medical's business interests. The substantive RICO claim is grounded in the same set of facts. The difference is that the RICO claim requires a finding that the U.S. Med Defendants engaged in these activities as participants in a larger enterprise. Still, the Third Circuit would need to review much of the same evidence now to resolve Freedom Medical's RICO claims as it would upon any appeal following final judgment on Freedom Medical's state law

claims.[2]

The same is true of the state law claims against Ms. Hall for civil conspiracy and conversion. Freedom Medical alleges that the members of the RICO conspiracy, including Ms. Hall, also constituted an unlawful conspiracy under state law. The adjudicated claim against Ms. Hall is, therefore, identical to a claim left unadjudicated against the remaining defendants. The conversion claim against Ms. Hall is predicated on her alleged participation in stealing Freedom Medical equipment as part of a theft operation run by her husband, Clifford Hall, and others, using his two Signature businesses as vehicles to move the stolen inventory. Mr. Hall, the Signature Defendants, and others implicated in this theft ring continue to be defendants in this suit, and similar conversion claims are pending against

---

[2] Despite this connection between the RICO and state law claims against the U.S. Med Defendants, it is highly unlikely that an immediate appeal of the Court's decision with respect to the RICO claims would somehow dispose of any factually related state law claims. That is primarily due to the fact that the motion underlying the Court's May 23 memorandum and order was a motion for summary judgment by the U.S. Med Defendants, not Freedom Medical. To reverse this Court's May 23 decision, the Third Circuit would need only to find the existence of triable issues of fact on Freedom Medical's RICO claims. See Fed. R. Civ. P. 56(a). On appeal, the Third Circuit need not, and it is improbable that it would, reach the issue of whether Freedom Medical (the non-movant) is entitled to judgment on its RICO counts, which could, though not necessarily, resolve some of its outstanding state law claims. In other words, as it now stands, a trial is necessary to adjudicate Freedom Medical's state law claims against the U.S. Med Defendants. Even if the Court of Appeals reversed the order that Freedom Medical wishes immediately to appeal, that would almost certainly still be the case.

them.

Given the factual similarity of the adjudicated and unadjudicated claims and the possibility for duplicative appeals, it is more sensible to deny certification of final judgment at this point and leave appellate review until this action is more conclusively resolved.

Further, Freedom Medical and the U.S. Med Defendants are presently set to attend a settlement conference on July 30, 2013. If they settle their claims at or following that conference, appellate review of the Court's May 23 decision, at least with respect to the U.S. Med Defendants, will be unnecessary.

Finally, the U.S. Med Defendants have counterclaims against Freedom Medical. They alleged these counterclaims in their answer to the first amended complaint. Freedom Medical contends that these claims were somehow waived by the U.S. Med Defendants' failure to reassert them when answering the second amended complaint. It cites no authority, however, for the proposition that pending counterclaims are mooted by the filing of an amended complaint. Freedom Medical's citation to Rule 13(a) without additional interpretative authority does not prove its point. At this time, the Court finds that the U.S. Med Defendants' claims are not waived. These potential grounds for a setoff judgment provide further cause to reject Freedom Medical's

request for Rule 54(b) certification.

For the foregoing reasons, the Court will not direct the entry of final judgment pursuant to that rule.

B. <u>Interlocutory Appeal</u>

The Court next addresses Freedom Medical's request for interlocutory appeal of the May 23 order, which, among other things, granted summary judgment in favor of Ms. Hall and the U.S. Med Defendants on Freedom Medical's RICO conspiracy claim. Specifically, Freedom Medical asks the Court to certify the following question for immediate appellate consideration: "Is the enterprise element of a § 1962(c) violation also a necessary element of a § 1962(d) RICO conspiracy claim?" Pl.'s Br. at 11.

A district court may certify an order for interlocutory appeal where it is "of the opinion" that (1) the order "involves a controlling question of law"; (2) as to which there is "substantial ground for difference of opinion"; and (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The statute authorizing interlocutory appeals leaves the certification decision to the discretion of the district court. See <u>Bachowski v. Usery</u>, 545 F.2d 363, 368 (3d Cir. 1976); <u>Douris v. Schweiker</u>, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (similarly interpreting § 1292(b)).

Freedom Medical reads this Court's prior opinion as granting summary judgment in favor of Ms. Hall and the U.S. Med Defendants on the RICO conspiracy claim because the record evidence failed to establish a supposedly necessary antecedent: the defendants' participation in a RICO enterprise in violation of § 1962(c). Freedom Medical argues that whether such enterprise participation is a necessary element of a RICO conspiracy claim presents both a controlling issue of law and one about which there is substantial ground for difference of opinion.

Freedom Medical misstates this Court's May 23 opinion. The Court did not conclude that a defendant must participate in the direction of a RICO enterprise to also be liable for conspiring to violate § 1962(c). As Freedom Medical correctly notes, the Court found that the summary judgment record did not reasonably establish the U.S. Med Defendants' participation in a RICO enterprise. Accordingly, there was no evidence of a freestanding § 1962(c) violation from which a reasonable factfinder could simply infer an agreement to violate that section of the RICO statute.

The Court did not stop there, however. It went on to find that the summary judgment record lacked any other evidence that the U.S. Med Defendants had agreed to aid a § 1962(c) violation, regardless of whether the U.S. Med Defendants had

violated or agreed to violate that statutory provision by their own conduct.  The Court's opinion made clear that a RICO conspiracy claim can be based solely on a defendant's "agree[ment] to facilitate commission of conduct prohibited under RICO."  Freedom Med., Inc. v. Gillespie, No. 06-3195, 2013 WL 2292023, at *21 (E.D. Pa. May 23, 2013) (citing In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 372-73 & n.71 (3d Cir. 2010); Smith v. Berg, 247 F.3d 532, 538 (3d Cir. 2001)).  As this Court stated, "[t]o be held liable as a RICO conspirator, a defendant need not himself commit or agree to undertake all acts necessary to make out a § 1962(c) violation."  Id. (citing Salinas v. United States, 522 U.S. 52, 65 (1997)).  Thus, the question proposed by Freedom Medical is not germane to the order that it seeks to appeal.

Moreover, even accepting Freedom Medical's characterization of this Court's holding, it has not demonstrated that a substantial ground for difference of opinion exists *within this circuit*.  Freedom Medical argues only that the Third Circuit Court of Appeals' interpretation of the RICO anti-conspiracy provision conflicts with the interpretation articulated by other courts of appeals.  However, this Court is bound by the law as stated by the Court of Appeals for the Third Circuit, not any other court of appeals.  A circuit split between our Court of Appeals and the courts of appeals for other circuits does not

make Third Circuit precedent any less binding and cannot be said to create a "substantial ground for difference of opinion" when it comes to issues of law before this Court.

Finally, Freedom Medical has failed to establish how an interlocutory appeal would "materially advance the ultimate termination of the litigation." It is true that an immediate appeal might result in a speedier resolution of the adjudicated claims against Ms. Hall and the U.S. Med Defendants, which Freedom Medical could not otherwise appeal until the conclusion of this action. Nevertheless, immediate appeal on an issue of law pertaining to RICO conspiracy liability would do nothing to advance resolution of the many other substantive RICO and state law claims that remain pending.

The Court will, therefore, also deny Freedom Medical's motion for interlocutory appeal.

An appropriate order issues separately.